USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/20/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THERESA HUTCHISON,
                          Plaintiff,

-against-

STATE FARM FIRE AND CASUALTY CO.,

                          Defendants.

17-cv-1005 (NSR)

ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge

On January 6, 2017 Plaintiff, a resident of New York, filed the instant action in the Supreme Court of the State of New York, County of Orange, for benefits owed under her "All Risk" homeowners insurance policy which she purchased from the Defendant. Plaintiff claims that she suffered loss to her property as a result of a theft on or about January 7, 2015, and that the lost property was covered under her homeowners insurance. Plaintiff seeks compensatory damages "in excess of $40,000" along with an undefined amount of consequential damages, interest, and other relief as the Court deems just and equitable. (Compl. at ¶ 37.) Defendant, a corporation with its principal place of business in Illinois, filed a Notice of Removal (ECF No. 1.) pursuant to 28 U.S.C. § 1441 on February 10, 2017. Defendants alleges that this Court has jurisdiction under 28 U.S.C. § 1332(a)(1).

This Court has original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). It is well settled that the party who seeks the exercise of diversity jurisdiction bears the burden of showing that the case is properly before the Court. *See e.g.*, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994) ("Where, as here, jurisdiction is asserted by a defendant in a

1

removal petition, it follows that the defendant has the burden of establishing that removal is proper."); *Seed Holdings, Inc. v. Jiffy Intern. AS*, 5 F.Supp.3d. 565, 575 (S.D.N.Y. 2014) ("The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court."). Where the basis for removal is federal diversity jurisdiction, some indication that the amount-in-controversy requirement has been satisfied must appear on the face of the pleadings. *See In re Methyl Tertiary Butyl Ether Products Liability*, 488 F.3d 112, 124 (2d Cir. 2007) More specifically, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of $75,000. *Dart Cherokee Basin Operating Co., LLC., v. Owens*, 135 S.Ct. 547, 554 (2014).

Here, Plaintiff seeks compensatory damages in an amount in excess of $40,000. Further, Defendant has not offered pleadings indicating that the amount in controversy is in in excess of the threshold jurisdictional amount pursuant to 28 U.S.C. § 1332(a)(1).

Accordingly, it is hereby ORDERED that Defendant show cause in writing by December 4 2017, why this action should not be remanded to the Supreme Court of the State of New York, County of Orange, for lack of subject matter jurisdiction.

Dated: November 20, 2017  
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN  
United States District Judge

2